```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHICAGO TITLE INSURANCE COMPANY, | : CIVIL ACTION NO. 08-4502 (MLC) |
| Plaintiff, | : **ORDER TO SHOW CAUSE** |
| v. | : |
| PEARL DWEK, et al., | : |
| Defendants. | : |

**THE PLAINTIFF** bringing this action on September 10, 2008, against the defendants — Pearl Dwek, Joseph Kohen, Empire Equity Group, Inc., and Jerome Shapiro — <u>inter alia</u>, to recover damages for violating the Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. § 1962 (dkt. entry no. 1, Compl.); and the plaintiff summarizing the claims as follows:

   1.  This case involving a massive fraudulent scheme perpetrated by defendants Pearl Dwek, Joseph Kohen, Empire Equity Group, Inc., **and by nonparty Solomon Dwek**, Amy Annecharico and others to defraud lenders and title insurers, including plaintiff insurance company out of millions of dollars.

   2.  **Solomon Dwek** and defendants, among others, arranged for mortgage lenders to advance millions of dollars in loan proceeds based upon fraudulent loan documents. **Solomon Dwek** and defendants, among others, used the loan proceeds to enrich themselves at the expense of the mortgage lenders by pocketing the money rather than using the loan proceeds to complete purchases of the properties and/or pay off prior liens on the properties. As a result, the lenders were left with either fictitious mortgages or virtually unsecured mortgages on the properties.

(id. at 1-2 (emphasis added)); and it appearing that the nonparty Solomon Dwek "who was involved in the conspiracy described herein, is presently in bankruptcy" ("Bankruptcy Action") (id. at 4), see In re: Solomon Dwek, N.J. Bankr. Ct. No. 07-11757 (KCF); and it appearing that the Bankruptcy Action was instituted more than a year and a half before the plaintiff brought this action, N.J. Bankr. Ct. No. 07-11757 (KCF), dkt. entry no. 1, 2-9-07 Pet.; and it appearing that Shapiro is listed as a creditor in the Bankruptcy Action, id., dkt. entry no. 237, 4-11-07 Creditors List; and

**THE PLAINTIFF** alleging that "[a]t the urging of her husband, Solomon Dwek, Pearl Dwek acted as the borrower on the loans and, upon information and belief, executed numerous documents related to the loans that contained false representations about, among other things, her income and employment history" (Compl. at 2); and the plaintiff alleging that "Mr. Kohen, the Dweks and potentially others embarked on a scheme of converting, stealing, embezzling and/or misappropriating funds from lenders in connection with real estate transactions" (id. at 5); and the plaintiff alleging that (1) "Mr. Shapiro was the unwitting dupe of Mr. Kohen and the Dweks, among others", (2) "Mr. Kohen, the Dweks and others used the loan proceeds for their own purposes", and (3) "Mr. Kohen, the Dweks and/or others forged closing documents on behalf of unsuspecting home owners and others" (id.

at 6); and the plaintiff alleging that (1) "Solomon Dwek was also a facilitator" of the "enterprise" consisting of "Mr. Kohen, Mrs. Dwek, Solomon Dwek, [and others]" (id. at 25), and (2) "Mr. Kohen, Mrs. Dwek and others formed an association, in fact, to steal money from mortgage lenders" and "[t]his association, in fact, included Solomon Dwek, Mrs. Dwek's husband, who upon information and belief, helped direct the activities of the association in fact" (id. at 27); and

**THE PLAINTIFF** admitting that "[a]s a result of the automatic stay" in effect in the Bankruptcy Action, "no claims are asserted herein against Solomon Dwek" (id. at 4); and Shapiro asserting in his answer that "Plaintiff has failed to join an indispensable party; namely, Solomon Dwek" (dkt. entry no. 12, Answer at 16); and

**IT APPEARING** that the alleged conduct of the nonparty Solomon Dwek is intimately and hopelessly intertwined with the alleged conduct of the defendants herein; and the Court having the inherent power to control the docket, and determining that the interests of judicial economy may be best served by staying and administratively terminating this action in its entirety pending the outcome of the Bankruptcy Action, see Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991); and it appearing that the administrative termination of an action is not the equivalent of

a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); and

**THE COURT** thus intending to order the plaintiff to show cause why this action should not be stayed and administratively terminated — pursuant to the Court's inherent power to control the docket, as opposed to an automatic bankruptcy stay — pending the outcome of the Bankruptcy Action; and for good cause appearing;[1]

---

[1] The plaintiff can withdraw its claims here, and pursue them in the Bankruptcy Action by jointly naming therein the nonparty Solomon Dwek and the defendants.

**IT IS THEREFORE** on this     15th     day of December, 2008 **ORDERED** that the plaintiff shall **SHOW CAUSE** why the action should not be stayed and administratively terminated, with leave to the plaintiff to move to reopen when appropriate; and

**IT IS FURTHER ORDERED** that the parties, if responding, must file responses with the Court electronically by 5 P.M. on the following dates:

    January 6, 2009    Plaintiff's response
    January 13, 2009   Defendants' responses
    January 20, 2009   Plaintiff's reply; and

**IT IS FURTHER ORDERED** that if the plaintiff fails to respond to this order to show cause, then the plaintiff will be deemed to be in support of a stay and an administrative termination; and

**IT IS FURTHER ORDERED** that this order to show cause will be decided on **WEDNESDAY, JANUARY 21, 2009**, or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

                                   s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge