```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                         :
CHICAGO TITLE INSURANCE                  :   CIVIL ACTION NO. 08-4502 (MLC)
COMPANY,                                 :
                                         :            O R D E R
        Plaintiff,                       :
                                         :
        v.                               :
                                         :
PEARL DWEK, et al.,                      :
                                         :
        Defendants.                      :
                                         :
```

**THIS COURT** ordering the plaintiff — Chicago Title Insurance Company ("CTIC") — to show cause why the action should not be stayed and administratively terminated (dkt. entry no. 16, Order to Show Cause); and this Court intending to vacate the Order to Show Cause, as there is another issue to be addressed now; and

**CTIC** bringing this action against the defendants — Pearl Dwek, Joseph Kohen, Empire Equity Group, Inc., and Jerome Shapiro — <u>inter</u> <u>alia</u>, to recover damages for violating the Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. § 1962 (dkt. entry no. 1, Compl.); and CTIC summarizing the claims as follows:

> 1. This case involving a massive fraudulent scheme perpetrated by defendants Pearl Dwek, Joseph Kohen, Empire Equity Group, Inc., **and by nonparty Solomon Dwek**, Amy Annecharico and others to defraud lenders and title insurers, including plaintiff insurance company out of millions of dollars.
>
> 2. **Solomon Dwek** and defendants, among others, arranged for mortgage lenders to advance millions of dollars in loan proceeds based upon fraudulent loan documents. **Solomon Dwek** and defendants, among others, used the loan proceeds to enrich themselves at the expense of the mortgage lenders by pocketing the money rather than

>     using the loan proceeds to complete purchases of the
>     properties and/or pay off prior liens on the properties.
>     As a result, the lenders were left with either
>     fictitious mortgages or virtually unsecured mortgages on
>     the properties.

(id. at 1-2 (emphasis added)); and it appearing that three such loans ("Three Loans") are the subject of this action (id. at 7-16); and it appearing that the nonparty Solomon Dwek "who was involved in the conspiracy described herein, is presently in bankruptcy" ("Bankruptcy Action") (id. at 4), see In re: Solomon Dwek, N.J. Bankr. Ct. No. 07-11757 (KCF); and

**CTIC** alleging that "[a]t the urging of her husband, Solomon Dwek, Pearl Dwek acted as the borrower on the [Three Loans] and, upon information and belief, executed numerous documents related to the [Three Loans] that contained false representations about, among other things, her income and employment history" (Compl. at 2); and CTIC alleging that "Mr. Kohen, the Dweks and potentially others embarked on a scheme of converting, stealing, embezzling and/or misappropriating funds from lenders in connection with real estate transactions" (id. at 5); and the plaintiff alleging that (1) "Mr. Shapiro was the unwitting dupe of Mr. Kohen and the Dweks, among others", (2) "Mr. Kohen, the Dweks and others used the [Three Loan] proceeds for their own purposes", and (3) "Mr. Kohen, the Dweks and/or others forged closing documents on behalf of unsuspecting home owners and others" (id. at 6); and CTIC alleging that (1) "Solomon Dwek was also a facilitator" of the

"enterprise" consisting of "Mr. Kohen, Mrs. Dwek, Solomon Dwek, [and others]" (id. at 25), and (2) "Mr. Kohen, Mrs. Dwek and others formed an association, in fact, to steal money from mortgage lenders" and "[t]his association, in fact, included Solomon Dwek, Mrs. Dwek's husband, who upon information and belief, helped direct the activities of the association in fact" (id. at 27); and it appearing that Shapiro is listed as a creditor in the Bankruptcy Action, In re: Solomon Dwek, N.J. Bankr. Ct. No. 07-11757 (KCF), dkt. entry no. 237, 4-11-07 Creditors List; and CTIC admitting that "[a]s a result of the automatic stay" in effect in the Bankruptcy Action, "no claims are asserted herein against Solomon Dwek" (Compl. at 4); and

**CTIC**, in response to the Order to Show Cause, advising this Court of the following:

> CTIC has taken action in the Dwek bankruptcy to preserve its claims against Mr. Dwek for his alleged involvement with the fraudulent scheme.  CTIC filed a Proof of Claim in or about June 26, 2007.  That Proof of Claim related to the [Three Loans] that are at issue in this District Court proceeding and other loans where CTIC may also suffer a significant loss.  Mr. Shapiro has also filed a Proof of Claim in the Dwek bankruptcy proceeding relating to his potential liability for the fraudulent closings. Similarly, Mr. Kohen has filed a Proof of Claim. Recently, CTIC commenced an adversary proceeding against Mr. Dwek in the Bankruptcy Court that seeks a declaration that Mr. Dwek's liability to CTIC is nondischargeable

(dkt. entry no. 18, CTIC Br. at 6 (cites omitted); see dkt. entry no. 19, Kofman Certif., Ex. A, CTIC Proof of Claim filed against

Solomon Dwek in Bankruptcy Court; id., Ex. B, CTIC Complaint filed in Bankruptcy Court against Solomon Dwek to determine nondischargeability of debt incurred from Three Loans); and CTIC also asserting that this Court may "transfer" the action to Bankruptcy Court (CTIC Br. at 13); and Shapiro, in response to the Order to Show Cause, advising that "[i]f this matter is referred to the bankruptcy court, [he] will assert that he is entitled to complete indemnification as well as affirmative claims of damages arising from Mr. Dwek's fraud" (dkt. entry no. 20, Shapiro Br. at 6); and Shapiro also asserting that this Court may "refer" the action to Bankruptcy Court (id. at 7); and

**IT APPEARING** that the issues before this Court concerning the Three Loans are also before the Bankruptcy Court; and this Court thus intending to refer all of the claims asserted in this action to the Bankruptcy Court, see 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district");[1] and

**IT APPEARING** that — to determine the extent of the authority of the Bankruptcy Court over these claims — it must be determined whether this action is (1) a "core proceeding" or (2) a "non-core

---

[1] This is also permitted pursuant to the Standing Order of Reference by the United States District Court for the District of New Jersey, dated July 23, 1984.

proceeding", defined as "a proceeding that is otherwise related to a case under title 11", 28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court may only submit proposed findings of fact and conclusions of law to district court in non-core proceeding, and final order or judgment to be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority); but it appearing that such a determination will be made by the Bankruptcy Court upon referral of this action, see 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding or related-to proceeding); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-*4 (D.N.J. Apr. 23, 2007) (stating same); and for good cause appearing;

**IT IS THEREFORE** on this      19th      day of March, 2009, **ORDERED** that the Court's Order to Show Cause (dkt. entry no. 16) is **VACATED**; and

**IT IS FURTHER ORDERED** that the motion for leave to file a certain pleading (dkt. entry no. 26) is **DENIED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that the action is **REFERRED** to the United States Bankruptcy Court, District of New Jersey; and

**IT IS FURTHER NOTED,** for the benefit of the Clerk of the Bankruptcy Court, that the action appears to be related to In re: Solomon Dwek, N.J. Bankr. Ct. No. 07-11757 (KCF); and

**IT IS FURTHER ORDERED** that the Clerk of the District Court designate the action as **CLOSED.**

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge